[Civ. No. 19387.   First Dist., Div. Two.   May 8, 1961.]

UNION LOCAL 679, Appellant, v. RICHMOND-CHASE
CORPORATION (a Corporation), Respondent.

I. B. Padway for Appellant.

St. Sure, Moore & Corbett and Ralph B. Hoyt for Respondent.

DRAPER, Acting P. J.—This appeal is from an order denying appellant union's motion for confirmation of an arbitration award, granting respondent employer's motion to vacate the award, and directing rehearing by the arbitrators.

The basic dispute arose from the exclusion of certain workers over 65 years of age from the "seasonal seniority list" established under the collective bargaining agreement of the parties. Pursuant to other provisions of this agreement, the dispute was submitted to a board of arbitrators. The board ruled that claimant employees should "receive back pay, less any other earnings received by them during that period in question." The union moved for an order confirming the award (Code Civ. Proc., § 1287), and the employer moved to vacate the award on the ground that the arbitrators so imperfectly executed their powers "that a mutual, final and definite award" was not made (Code Civ. Proc., § 1288, subd. (d)). The argument was that the award was ambiguous in that it could not be determined whether social security payments were to be deducted in computing back pay. Appellant's motion was dismissed without prejudice solely on the ground that the award offered in evidence was not properly authenticated (Code Civ. Proc., § 1287). The employer then applied to the arbitration board for clarification of its award, asserting that the several claimants had in fact received social security payments by reason of their age, that they would not have received these payments if they had been actually employed at the times in question, and that to refuse deduction of such payments would give these claimants more than they would have received if employed and paid during the period covered by the award of back pay. The union argued that the award was definite and required no clarification. The arbitrators determined that the requested clarification was a matter properly to be considered by the board, and set the matter for later presentation.

The union then renewed its motion to the superior court for confirmation, and the employer filed another motion to vacate, supported by affidavit setting up the action taken by the arbitrators on the request for clarification. The court denied the motion to confirm, granted the motion to vacate, and directed rehearing by the arbitrators.

Appellant relies upon authorities announcing the strong policy of this state in favor of arbitration (*Case* v. *Alperson,* 181 Cal.App.2d 757 [5 Cal.Rptr. 635]; *Firestone Tire & Rubber Co.* v. *United Rubber Workers,* 168 Cal.App.2d 444

[335 P.2d 990]; *Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667 [220 P.2d 973]). ▆▆ Under the peculiar circumstances of our case, however, it seems clear that vacation of the award to permit a rehearing by the arbitrators is the best means of encouraging the true purposes of arbitration. Here the arbitrators themselves have recognized an ambiguity in their own award, and in effect have asked for an opportunity to clarify it.

▆ The general rule that an award is to be construed in favor of validity (see *Sapp* v. *Barenfeld,* 34 Cal.2d 515 [212 P.2d 233]; *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 190-191 [260 P.2d 156]), obviously is based upon the policy of favoring arbitration. Here, however, that policy is best effectuated by affirming the order of vacation, thus avoiding future litigation seeking the true construction of the award (see *Ulene* v. *Murray Millman of California, Inc.,* 175 Cal. App.2d 655, 662 [346 P.2d 494]). Under the broad power of the board, under this agreement, such litigation for construction of the award might also be complicated by assertions that clarification of the award is for the board, rather than the courts.

Here we are not dealing with one agreement for arbitration of a single dispute. Rather, the basic collective bargaining agreement is between a state council representing a number of local unions and an employers' association representing a large number of firms. The arbitration board created by their agreement is a continuing one, which meets frequently to determine a wide variety of disputes. This board's long experience in this field warranted the trial court's giving weight to its view that the award should be clarified.

▆ Of course, the board had no authority itself to order a rehearing. (*Dudley* v. *Thomas,* 23 Cal. 365; 38 Cal.L.Rev. 799, 826). It would violate this rule to hold that the board's determination that its award was indefinite was binding upon the court. We suggest no such conclusion. We do hold that the court was entitled to consider this view of the board in determining whether the award was sufficiently definite for confirmation.

▆ Appellant argues that the award on its face is definite and certain. It is true that, as a matter of dictionary definition, old age benefits under the social security act are not current earnings, although it can be argued that they represent, at least in part, earnings of the past. Under the award ''any other earnings received'' during the period in question are to be deducted. In any specialized field, and particularly in that

of labor relations, a recognized nomenclature tends to develop, quick to attain specialty-wide usage and understanding, but slow to reach the dictionaries. We cannot say, as a matter of law, that no such usage is here involved.

Since the arbitration agreement fixes no time within which the award must be made, the statute does not bar rehearing (Code Civ. Proc., § 1287).

The order appealed from vacates the award in its entirety, and properly is not limited to a partial vacation and rehearing (*Film Technicians* v. *Color Corp. of America*, 141 Cal.App.2d 553, 556 [297 P.2d 86]). Thus the board, on rehearing, may determine the entire matter anew. Nothing in the order or in this opinion is to be construed as suggesting or directing the result to be reached by the board.

Order affirmed.

Shoemaker, J., concurred.