[Civ. No. 62595. Second Dist., Div. Four. Mar. 19, 1982.]

SELMA LILLY, Plaintiff and Appellant, v.
LEWIE JOHN LILLY, Defendant and Respondent.

**COUNSEL**

Stanley S. Lopata for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an order of the superior court denying plaintiff's motion to set aside judgment and specially set case for trial after judicial arbitration. We reverse.

The only statement of facts before us is that of appellant, since respondent has not filed a brief with this court, after a request to do so pursuant to California Rules of Court rule 17(b). Therefore, pursuant to the provisions of such rule, we accept appellant's statement of facts as correctly stating the events hereinafter set forth. (See, *Shapiro* v. *Cahill* (1963) 219 Cal.App.2d 772, 773-774 [33 Cal.Rptr. 601].)

On January 23, 1975, plaintiff, in propria persona, filed a complaint in the Ventura County Superior Court alleging conspiracy to cause "mental murder," slander, mental disturbance and emotional distress. Plaintiff's complaint sought damages in the amount of $1 million.

On December 5, 1979, a hearing was held in the above mentioned superior court, and the court ordered the case to arbitration. An arbitrator was selected on December 31, 1979. An arbitration hearing was set for February 21, 1980, but, by stipulation of the parties, the hearing was continued to April 16, 1980. The hearing was continued again, not by stipulation of the parties but by the arbitrator alone, until October 3, 1980.

On October 3, 1980, the parties participated in arbitration with representation of counsel. On October 13, 1980, the arbitrator decided that the plaintiff should take nothing by her complaint and filed such decision with the court. Judgment for the defendant was entered on November 3, 1980. On November 7, 1980, plaintiff's attorney, for the first time, received notice of the arbitrator's decision and notice of entry of judgment. On November 20, 1980, and again on December 4, 1980, plaintiff filed requests for trial following arbitration, but these requests were denied by the court as untimely. The plaintiff now brings this appeal.

On appeal, plaintiff makes three contentions as follows:

(1) That the superior court erred in directing the case to arbitration in that the arbitrator had no jurisdiction to hear the action;

(2) That the superior court abused its discretion in denying plaintiff's request for trial following arbitration;

(3) That the arbitrator committed reversible error in continuing the action for more than 10 months from the date it was assigned to him.

Since we agree with the third contention, we need not, and do not, consider the other two contentions.

According to rule 1605(b) of the Rules of Court, an arbitrator is compelled to hold an arbitration hearing within 60 days from the date of assignment of the case to him, except where the case has been continued by request of the parties. If the case is not continued and the arbitrator fails to hold a hearing within such time, the administrator of arbitration must disqualify the arbitrator, move the case to the top of the hearing list and appoint a new arbitrator. If the case is continued, the rule is unclear as to the time within which the arbitrator must hold a hearing. However, it is the purpose of arbitration to expedite a disposition of the case. Accordingly, rule 1605(b) must be read to require that an arbitrator hold a hearing within 60 days from the date the case is assigned to him, or from the date scheduled for hearing after the case has been continued by stipulation of the parties, whichever is later.

In this case, the arbitrator originally set the case for hearing on February 21, 1980. By stipulation of the parties the matter was continued to April 16, 1980. However, the arbitrator unilaterally continued the hearing until October 3, 1980, more than 10 months from the date the case was assigned to him and more than five months after the date scheduled for hearing after the case was continued by stipulation of the parties. We conclude that the arbitrator's action violated rule 1605(b) of the Rules of Court and, therefore, rendered him subject to disqualification.

Rule 1615(d) of the Rules of Court provides that a party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware. Here, the record does not show that plaintiff filed such a motion. As a general rule, failure to raise a point in the trial court constitutues a waiver and appellant is estopped to raise the point on appeal. (See generally *Bardessono v. Michels* (1970) 3 Cal.3d 780, 794 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717].) However, whether the general rule shall be applied is largely a question of the appellate court's discretion. (See *Isthmian Lines, Inc.* v. *Schirmer Stevedoring Co.* (1967) 255 Cal.App. 2d 607, 610 [63 Cal.Rptr. 458].) There are several exceptions to the general rule. For example, an error may be raised on appeal although it could have been made the basis of a motion to vacate judgment or a

motion for new trial. (See 6 Witkin, Cal. Procedure (2d ed. 1971) § 280, p. 4269; see also *Mattox v. Isley* (1952) 111 Cal.App.2d 774, 780 [245 P.2d 664].) ■ Another exception is presented when the point on appeal involves only a legal question determinable from facts which are uncontroverted on the record and which are unalterable by the presentation of additional evidence. (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167 [143 Cal.Rptr. 633].) ■ Finally, if the point on appeal is of public interest, the appellate court should dispose of the issue on its merits, even though the issue was ignored by the litigants. (*Wong v. DiGrazia* (1963) 60 Cal.2d 525, 532 at fn. 9 [35 Cal.Rptr. 241, 386 P.2d 817].) ■ Accordingly, since the issue of delay by the arbitrator concerns an error which would have been the basis of a motion to vacate judgment, and since the issue involves only a legal question based on the Rules of Court and facts which are uncontroverted and unaltered by the presentation of additional evidence by respondents, and since arbitration is a matter of great public interest in the efficient administration of justice, we conclude that delay by the arbitrator constituted reversible error.

The order appealed from is reversed; the matter is remanded to the trial court for further proceedings consistent with this opinion.

McClosky, J., and Bobb, J.,* concurred.

A petition for a rehearing was denied April 9, 1982.

---

*Assigned by the Chairperson of the Judicial Council.