[No. B020147. Second Dist., Div. Seven. Sept. 17, 1987.]

MARIA LUISA CABRERA et al., Plaintiffs, Cross-defendants and Appellants, v.
ERNEST F. PLAGER, Defendant, Cross-complainant and Respondent.

**COUNSEL**

John R. Ortega for Plaintiffs, Cross-defendants and Appellants.

Early, Maslach, Nutt & Peterson, Lynn R. Eastman, Greines, Martin, Stein & Richland, Alan G. Martin and Pamela E. Dunn for Defendant Cross-complainant and Respondent.

## OPINION

**LILLIE, P. J.**—Plaintiffs Maria Luisa Cabrera and Edmundo C., a minor by his guardian ad litem, Maria Luisa Cabrera, appeal from a judgment in defendant's favor entered upon an arbitration award, and from order denying their "motion for a new trial."[1]

### I

### FACTUAL AND PROCEDURAL BACKGROUND

In 1981, in municipal court, plaintiffs sued defendant for damages for personal injuries and property damage arising out of a motor vehicle accident. Defendant answered the complaint and filed a cross-complaint for indemnity and property damages against plaintiff Maria Luisa Cabrera. In 1984, upon motion by plaintiffs, the action was transferred to the superior court. On April 25, 1985, after an arbitration conference, the court found the amount in controversy not to exceed $25,000 and ordered the case to superior court arbitration pursuant to California Rules of Court, rules 1601-1617. On June 6, 1985, the arbitration administrator served notice by mail on both parties that an arbitrator had been appointed and the matter was set for hearing on August 15, 1985, 70 days later. On August 15 defendant put on his case, but the hearing was continued at plaintiffs' request. The hearing was continued to September 18, 1985, and then to October 1, 1985. Although the record does not reflect the reason for the continuance from September 18 to October 1, appellants' opening brief states the arbitrator was ill. The arbitration hearing was concluded on October 1, 1985, and on October 2, 1985, the arbitrator awarded judgment in favor of defendant and against the plaintiffs.[2] On that day, the arbitration clerk served the award by mail on both parties. The award was entered as a judgment on November 13, 1985.

---

[1] Despite plaintiffs' designation of their motion as one for a new trial, which designation appears in the court's order denying such motion, we recognize the motion, as do the parties on appeal, as in effect a motion to set aside or vacate the judgment entered upon the arbitration award.

[2] The arbitrator also awarded judgment in favor of cross-defendant (Maria Luisa Cabrera) and against cross-complainant (Ernest Plager).

Claiming not to have received the "Notice of Ruling of the Arbitrator" and not to have discovered the award had been filed until December 4, 1985, plaintiffs' attorney filed on December 20, 1985, "notice of intention to move for new trial," "points and authorities in support of petition to vacate award of arbitrators" and a supporting declaration. In the declaration, plaintiffs' attorney sought a waiver of the statutory time for filing a request for a trial de novo and, in addition, sought to set aside the arbitration award on the ground that it "fails to consider the multiple violations of the Vehicle Code [by] the defendant. . . ." Defendant opposed the motion. After hearing, the court denied the motion pursuant to Code of Civil Procedure section 1141.20.[3]

Plaintiffs filed a timely notice of appeal from the order denying their motion for new trial (motion to vacate judgment: see fn. 1, *ante*) and also filed an "amended notice of appeal" purporting to appeal from the judgment entered on the arbitrator's award.[4]

Appellants' sole argument on appeal is that the court committed reversible error in failing to vacate the award because the August 15, 1985, hearing date exceeds 60 days from the date of assignment of the arbitrator, in violation of California Rules of Court, rule 1605(b), and such delay constitutes a ground for disqualification of the arbitrator. Before we address this contention, we first discuss the argument raised by respondent that no appeal lies from the order denying the motion to vacate the judgment because the judgment itself is not appealable under section 1141.23 and appellants are attempting on this appeal to improperly render appealable a nonappealable judgment.

## II

### APPEALABILITY OF ORDER DENYING MOTION TO VACATE JUDGMENT

While section 1141.23, Code of Civil Procedure, deprives appellants of an appeal from a judgment properly entered pursuant to that section, the

---

[3] Code of Civil Procedure section 1141.20, subdivision (a) provides that "An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court."

[4] Appellants' opening brief does not discuss the appeal from the judgment and we deem such appeal abandoned. (*Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 859, fn. 13 [176 Cal.Rptr. 239].) Moreover, "[i]f there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, except that *it is not subject to appeal* and it may not be attacked or set aside except as provided by Section 473, 1286.2 or Judicial Council rule." (Code Civ. Proc., § 1141.23, italics added.) Accordingly, the appeal from the judgment entered upon the arbitration award is dismissed.

statute does not purport to deprive parties of an appeal from a postjudgment order upon a motion to set aside the judgment. In the absence of the prohibition in section 1141.23 of an appeal from such judgment, it would be appealable under Code of Civil Procedure section 904.1, subdivision (a). Thus, the postjudgment order herein falls within that subdivision of section 904.1 which allows an appeal from "an order made after a judgment made appealable by subdivision (a)." (Code Civ. Proc., § 904.1. subd. (b).)

"Witkin explains that there are three [common law] requirements which must be met for such an order to be appealable: the judgment which precedes the order must be 'final' in the trial court, the appeal from the order may not present the same issues as an appeal from the judgment itself, and the order must either affect the judgment or relate to it either by enforcing it or staying its execution." (*Williams* v. *Thomas* (1980) 108 Cal.App.3d 81, 84 [166 Cal.Rptr. 141].) All three requirements are met by the instant appeal. The judgment preceding the order is final in the trial court. Inasmuch as there is no appeal from the judgment, the issue can be reviewed only on the present appeal from the order denying motion to vacate the judgment. Finally, the instant order affects the judgment in that it denies appellants relief from their failure to timely request a de novo trial, thus resulting in the award having the same force and affect as a judgment in any civil action or proceeding. We conclude the order herein to be appealable.

## III

### ISSUE CAN BE RAISED ON APPEAL

Appellants' contention of error involves two considerations: (1) whether the 70-day period from June 6 to August 15, 1985, constitutes a violation of California Rules of Court, rule 1605(b)[5] and (2) whether such a violation subjects the arbitrator to disqualification within the meaning of rule 1615(d).[6] Appellants concede that the issue of disqualification was not raised

---

[5] Rules of Court, rule 1605(b) provides in pertinent part that "In the event the arbitrator declines to serve or does not hold a hearing within 60 days from the date of the assignment of the case to him, except where a case has been continued, the administrator shall vacate the appointment of the arbitrator, and shall return the case to the top of the arbitration hearing list, restore the arbitrator's name to the list of those available for selection to hear cases, and appoint a new arbitrator pursuant to subdivision (a)."

[6] Rule 1615(d) provides that "A party against whom a judgment is entered pursuant to an arbitration award may . . . move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a),(b), and (c) of section 1286.2 of the Code of Civil Procedure, and upon no other grounds."

Code of Civil Procedure, section 1286.2 provides in part: "Subject to Section 1286.4, the court shall vacate the award if the court determines that: [¶] (a) The award was procured by corruption, fraud or other undue means; [¶] (b) There was corruption in any of the arbitra-

below; they argue, however, that this court has discretion to address the issue.

■ "As a general rule, issues not properly raised at trial will not be considered on appeal. . . . An appellate court may in its discretion consider an issue not properly raised in the trial court if the issue presents a pure question of law on undisputed evidence regarding either a noncurable defect of substance, such as lack of jurisdiction or complete failure to state a cause of action, or a matter affecting the public interest or the due administration of justice." (*CNA Casualty of California* v. *Seaboard Surety Co* . (1986) 176 Cal.App.3d 598, 618 [222 Cal.Rptr. 276].) In such a case, the failure to raise a point below will not constitute waiver. (See *Heldt* v. *Municipal Court* (1985) 163 Cal.App.3d 532, 537, fn. 6 [209 Cal.Rptr. 579].)

Appellants claim that the issue raised is a legal question determined from facts which are uncontroverted on the record. We agree. We thus disagree with respondent's argument that facts pertinent to the issue have not been established because our record does not show the date of assignment of the case to the arbitrator, the event which triggers the 60-day period in rule 1605(b), but only the date the arbitration administrator served the parties with notice of appointment of the arbitrator and the hearing date. The only reasonable inference from the instant record is that the case was assigned to the arbitrator on or before June 6, 1985. The record on its face thus establishes the fact that the time limit of rule 1605(b) was violated.

Whether a violation of rule 1605(b) constitutes a ground to set aside the judgment under rule 1615(d) presents a question of interpretation and application of rules of court. The interpretation and applicability of a statute is a question of law. (*State of California* ex rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018, 1024 [228 Cal.Rptr. 576].) Rules of court are also subject to rules of statutory interpretation. (*McBride* v. *Alpha Realty Corp* . (1975) 49 Cal.App.3d 925, 929 [123 Cal.Rptr. 270].) Inasmuch as the issue presented is one of law which affects the due administration of justice, we exercise our discretion to consider it.

## IV

### No Disqualification of Arbitrator

■ Applying the principle of statutory construction that the same term or phrase used in a similar manner in two related statutes concerning the

---

tors: [¶] (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator. . . ."

same subject should be given the same meaning in both statutes unless countervailing indications require otherwise (*Dieckmann* v. *Superior Court* (1985) 175 Cal.App.3d 345, 356 [220 Cal.Rptr. 602]), we interpret the term "disqualification" in rule 1615(d) consistently with its use in rule 1606.

Rule 1606(a) specifically addresses the issue of disqualification of an arbitrator and sets out the grounds for disqualification: "It shall be the duty of the arbitrator to determine whether any cause exists for disqualification upon any of the grounds set forth in section 170 of the Code of Civil Procedure [former § 170 was repealed by Stats. 1984, ch. 1555, § 1; see now, §§ 170.1, 170.3] governing the disqualification of judges. . . . Unless the ground for disqualification is disclosed to the parties in writing and is expressly waived by all parties in writing, the arbitrator shall promptly notify the administrator of any known ground for disqualification and another arbitrator shall be selected as provided in rule 1605."

A violation of the time limit of rule 1605(b) does not fall within any of the grounds for disqualification set out in Code of Civil Procedure section 170.1.[7] Moreover, rule 1605(b), by its language only gives the administrator the authority to "vacate" the appointment of the arbitrator; the remedy for a violation of rule 1605(b) is thus not disqualification, but a return of the case to the top of the hearing list and the appointment of a new arbitrator. ■ We thus determine, contrary to *Lilly* v. *Lilly* (1982) 129 Cal.App.3d 925, 929 [181 Cal.Rptr. 375], that a delay in violation of rule 1605(b) does not subject the arbitrator to a "disqualification" as contemplated by rules 1615(d) and 1606 and is not a basis upon which the judgment can be set aside. Such a determination is also consistent with the strong public policy to promote the finality and conclusiveness of awards in arbitration: "In view of the strong public policy in favor of arbitration as a

---

[7] Section 170.1 provides in pertinent part: "(a) A judge shall be disqualified if any one or more of the following is true: [¶] (1) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding . . . [¶] (2) The judge served as a lawyer in the proceeding, or in any other proceeding involving the same issues he or she served as a lawyer for any party in the present proceeding or gave advice to any party in the present proceeding upon any matter involved in the action or proceeding. . . . [¶] (3) The judge has a financial interest in the subject matter in a proceeding or in a party to the proceeding. . . . [¶] (4) The judge, or the spouse of the judge, or a person within the third degree of relationship to either of them, or the spouse of such person is a party to the proceeding. . . . [¶] (5) A lawyer or a spouse of a lawyer in the proceeding is the spouse, former spouse, child, sibling or parent of the judge or the judge's spouse or if such a person is associated in the private practice of law with a lawyer in the proceeding. [¶] (6) For any reason (A) the judge believes his or her recusal would further the interests of justice, (B) the judge believes there is a substantial doubt as to his or her capacity to be impartial, or (C) a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. . . . [¶] (7) By reason of permanent or temporary physical impairment, the judge is unable to properly perceive the evidence or is unable to properly conduct the proceeding."

means of resolving disputes, the courts have consistently limited judicial interference to the minimum consistent with due process, fundamental fairness, and applicable statutory law in order to promote as much as possible the finality and conclusiveness of awards in arbitration." *(City of Oakland* v. *United Public Employees* (1986) 179 Cal.App.3d 356, 363 [224 Cal.Rptr. 523]; see also Code Civ. Proc., §§ 1141.10, 1141.14.)[8]

## V

### SANCTIONS

Respondent seeks sanctions against appellants' attorney for filing an allegedly frivolous appeal. Under the standards set out in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 648-51 [183 Cal.Rptr. 508, 646 P.2d 179], we do not consider this an appropriate case for the imposition of sanctions.

### DISPOSITION

The order denying motion to vacate judgment is affirmed. The appeal from the judgment is dismissed. Respondent shall be entitled to costs on appeal.

Thompson, J., and Johnson, J., concurred.

---

[8] At oral argument appellants for the first time contended that the procedural irregularity herein caused the arbitrator to lose jurisdiction to proceed and that such lack of jurisdiction can be raised before this court. Assuming arguendo that the 10-day delay herein constitutes the type of defect which may affect the jurisdiction of the abitrator, we conclude that appellants' appearance at the arbitration hearing and participation therein without raising any objection to the jurisdiction of the arbitrator estops them from challenging it afterwards. *(West Coast Constr. Co.* v. *Oceano Sanitary Dist.* (1971) 17 Cal.App.3d 693, 698-699 [95 Cal.Rptr. 169]; defendant estopped from challenging injunction as in excess of jurisdiction based on untimely return of an order to show cause because defendant voluntarily participated in the hearing.)