[No. D007708. Fourth Dist., Div. One. Nov. 15, 1989.]

KOLL HANCOCK TORREY PINES, Plaintiff, Cross-defendant and Respondent, v.
BIOPHYSICA FOUNDATION, INC., Defendant, Cross-complainant and Appellant;
HARTFORD GROUP, Cross-defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

---

[1] Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Lawrence E. Eden and Judith Crippen Mazzei for Defendant, Cross-complainant and Appellant.

Procopio, Cory, Hargreaves & Savitch, David A. Niddrie and Philip L. Giacinti, Jr., for Plaintiff, Cross-defendant and Respondent.

Latham & Watkins and Kristine L. Wilkes for Cross-defendant and Respondent.

**OPINION**

**FROEHLICH, J.**—Biophysica Foundation, Inc. (Biophysica), defendant and cross-complainant below, appeals from the judgment entered in favor of Koll Hancock Torrey Pines on Koll's complaint, and from the judgment entered in favor of cross-defendants Koll and The Hartford Group on Biophysica's cross-complaint, and from various related orders. Many issues are raised on appeal, the resolution of which requires a detailed recitation of the background facts and proceedings. We have concluded, however, that one contention rises well above the others in terms of its juridical significance. We therefore deal with this issue first, deferring to the second portion of our opinion the facts, law and discussion relevant to the several other contentions raised by the appellant. The issue to which we give paramount consideration is the effect of an arbitrator's failure to render a decision within 10 days after the conclusion of the hearing, as required by California Rules of Court, rule 1615(b).

I

## Late Filing of Arbitrator's Decision

At one point in the pretrial proceedings judicial arbitration was ordered under Code of Civil Procedure section 1141.10 et seq. and in accordance with California Rules of Court, rule 1600 et seq. The parties stipulated that the arbitrator's decision as to certain of the claims and cross-claims would be final and binding. The arbitration hearing was conducted on October 26, 1987, and concluded on November 10, 1987.[2] The decision was filed November 25, 1987. No extension of time within which to file the decision was sought (as permitted by rule 1615(b)), and hence the filing was five days later than the ten-day requirement of rule 1615(b). ■ Biophysica contends that the arbitrator lost jurisdiction to file the award when the 10-day period expired, and hence his decision was without jurisdiction and invalid. We disagree.

California Rules of Court, rule 1615(b) provides: "Within 10 days after the conclusion of the arbitration hearing the arbitrator shall file the award with his clerk . . . ."

Biophysica cites no authority, nor are we aware of any, which supports Biophysica's contention that the 10-day period is jurisdictional.[3] We instead

---

[2] Koll and Biophysica dispute when the arbitration "concluded," based on varying interpretations of the arbitrator's notes regarding the time frames for receiving additional evidence and argument after the date on which oral testimony was taken. Because of the informal nature of arbitration proceedings, it is not unusual for an arbitrator to solicit, or for a party to request the right to submit, additional evidence or briefing on questions or issues which arise during the arbitration hearing. Under those circumstances, the hearing is not "concluded," within the meaning of rule 1615(b), until the evidence or briefing is received by the arbitrator within such reasonable time limitations as he may prescribe. However, in this case, our conclusion renders it unnecessary to definitively decide when the arbitration "concluded" for purposes of the 10-day rule, and we assume that the decision was not rendered within the 10-day period of the rule.

[3] The cases relied upon by Biophysica are inapposite. *Lilly* v. *Lilly* (1982) 129 Cal.App.3d 925 [181 Cal.Rptr. 375] did not involve failure to timely file an award, but instead involved failure to hold the arbitration hearing within 60 days in violation of rule 1605(b), which rendered the arbitrator subject to disqualification. The *Lilly* court concluded that because rule 1615(d) permits vacation of an award made by an arbitrator who was subject to disqualification, violation of section 1605(b) rendered the award voidable. (*Id.* at pp. 928-929.) Even if *Lilly* remained persuasive (but see the cogent criticism of *Lilly* by the court in *Cabrera* v. *Plager* (1987) 195 Cal.App.3d 606, 611-613 [241 Cal.Rptr. 731] [disagreeing with *Lilly* and concluding the "disqualification," within the meaning of rule 1615(d), was limited to disqualification for cause on grounds specified in Code Civ. Proc., § 170.1]), *Lilly* did not address the 10-day rule, nor does rule 1615(b) suggest violation of the 10-day rule subjects an arbitrator to disqualification to trigger application of rule 1615(d).

construe this language as directory only, and the failure to comply with the 10-day period (in the absence of some prejudice from the delay) does not justify reversal of the judgment. Our conclusion is based, in part, on the overriding public policy which favors the arbitration process's quick, fair and inexpensive mode of dispute resolution (see generally, *Lewis* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1986) 183 Cal.App.3d 1097, 1107 [228 Cal.Rptr. 345]). This policy cautions that "every reasonable intendment is indulged to give effect to arbitration proceedings" (*Greenfield* v. *Mosley* (1988) 201 Cal.App.3d 735, 744 [247 Cal.Rptr. 314]), and guides us to construe awards in favor of upholding their validity. (*Union Local 679* v. *Richmond-Chase Corp.* (1961) 191 Cal.App.2d 841, 843 [13 Cal.Rptr. 341].) To read the 10-day period as jurisdictional, rather than directory, would unnecessarily frustrate these policies by undermining the enforceability of any award which was even marginally delayed.

We note that the superior court local rules which implement judicially ordered arbitrations also suggest the 10-day period is directory rather than jurisdictional. Under those rules, when an award is not timely filed, the parties' remedy is to inform the court's arbitration department, which will then request the award be filed or will issue an order to show cause why the award was not filed. (See Local Rules of San Diego County Super. Ct., Div. V, § 1.4(d).)

We also note an analogous statute dealing with similar subject matter has also been construed as directory rather than jurisdictional. Code of Civil Procedure section 632 formerly provided that written findings of fact and conclusions of law were required to be filed within 30 days after submis-

---

Biophysica's citation to *General Metals Corp.* v. *Precision Lodge 1600* (1960) 183 Cal.App.2d 586 [6 Cal.Rptr. 910], for the argument that late filed awards are jurisdictionally void, is equally misplaced. First, *General Metals* was an arbitration pursuant to private agreement, not pursuant to judicial arbitration under Code of Civil Procedure sections 1141.10-1141.32. Moreover, *General Metals* has probably been overruled by statutory amendment, since *General Metals* was decided before the 1961 adoption of Code of Civil Procedure section 1283.8 (governing private arbitration agreements) which specifies objections to awards based on failure to timely file an award are waived if not lodged before the award is issued. (See Stats. 1961, ch. 461, § 2, p. 1544.)

Biophysica also cites *Oats* v. *Oats* (1983) 148 Cal.App.3d 416 [196 Cal.Rptr. 20] as holding that violation of rule 1615(b) renders judgment entered on award a nullity. Biophysica's reliance on *Oats* is misplaced. Rule 1615(b) requires award to be filed *with proof of service*. In *Oats,* the award was filed without service, and judgment entered before parties could file request for trial de novo. The *Oats* court concluded the rule 1615(b) service requirement was to implement procedural due process protections of notice before judgments are entered, and held the court was without jurisdiction to enter judgment on award absent proof of service as specified in *rule 1615(b)*, and hence judgment was a nullity because of the due process violation. (*Id.* at pp. 420-421.) *Oats* is irrelevant to this case.

sion.[4] The courts consistently rejected jurisdictional challenges to judgments filed beyond the 30-day time frame, holding (1) the time period was directory only; (2) an untimely filed judgment was not void for lack of jurisdiction; and (3) reversal for failure to comply with the filing deadlines required a party to affirmatively show prejudice from the delay. (*Farmers etc. Nat. Bank* v. *Peterson* (1936) 5 Cal.2d 601, 607 [55 P.2d 867]; *Sperisen* v. *Heynemann* (1957) 149 Cal.App.2d 228, 235 [308 P.2d 436].) Rule 1615(b), having similar provisions and governing similar subject matter, should be similarly construed as directory only.

Finally, we note that other analogous statutes, similarly specifying mandatory time frames for adjudicating bodies to render their decisions, are almost universally construed as directory rather than jurisdictional. (See, e.g., *Edwards* v. *Steele* (1979) 25 Cal.3d 406, 412-413 [158 Cal.Rptr. 662, 599 P.2d 1365] [municipal code provision that Board of Permit Appeals shall act on the appeal within specified time held directory, not jurisdictional]; *Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.* (1964) 231 Cal.App.2d 501, 508-510 [42 Cal.Rptr. 58] [requirement under Labor Code section 5313 that I.A.C. "shall" file award within 30 days after submission is directory only, and late-filed award is not invalid as in excess of jurisdiction]; *Koehn* v. *State Board of Equalization* (1958) 166 Cal.App.2d 109 [333 P.2d 125] [Business and Professions Code section 23086, providing Alcoholic Beverage Control Appeals Board "shall" enter its decisions on appeals within specified period, held directory only, and late-filed order not invalid as in excess of jurisdiction]; *Keller* v. *Sutrick* (1863) 22 Cal. 471, 473 [Practice Act, § 187 required that a referee "must" report findings within 10 days after the close of testimony; held that failure to abide by the time stricture does not invalidate the judgment rendered on the referee's report, and that the statutory time is directory only]; see generally, *McDonald's Systems of California, Inc.* v. *Board of Permit Appeals* (1975) 44 Cal.App.3d 525, 544-545, fn. 15 [119 Cal.Rptr. 26] [collecting numerous authorities construing time limitations for filing decisions as directory and not jurisdictional].)

Because the language, subject matter and purposes of rule 1615(b) are parallel to numerous statutes which have been construed as directory rather than jurisdictional, and because the policies underlying arbitrations would be undermined by the interpretation urged by appellants, we conclude the time limitations prescribed by rule 1615(b) for filing an award are directory and not jurisdictional. Failure of the arbitrator to file within the 10-day requirement may give rise to various remedies in favor of aggrieved

---

[4] The 1968 amendments to section 632, among other things, deleted the 30-day time frame. (See Stats. 1968, ch. 716, § 1, pp. 1417-1418.)

litigants, but it does not automatically deprive the late-filed decision of validity.

## II, III*

. . . . . . . . . . . . . . . . . . . .

## IV

### DISPOSITION

The judgments entered by the trial court are affirmed. In addition, we award Koll Hancock Torrey Pines as and for attorneys' fees incurred on appeal in the sum of $22,190.50, and award The Hartford Group as and for attorneys' fees incurred on appeal the further sum of $4,000, the same to be augmented by such costs on appeal as may be supported by respondents' cost bills.

Wiener, Acting P. J., and Work, J., concurred.

A petition for a rehearing was denied December 11, 1989, and appellant's petition for review by the Supreme Court was denied January 25, 1990.

* See footnote, *ante*, page 883.