[No. A055548. First Dist., Div. One. June 4, 1992.]

EARL E. LOPES, Plaintiff and Appellant, v.
JUDITH MILLSAP et al., Defendants and Respondents.

COUNSEL

Douglas W. Holt for Plaintiff and Appellant.

Jack Leavitt for Defendants and Respondents.

OPINION

NEWSOM, J.—Appellant brought an action in January of 1990 against respondents, who are his sisters, to set aside deeds executed by his father, who died in February of 1987, to real property in San Lorenzo, and to quiet title to and to partition that property, as well as two bank accounts, at American Savings and Loan Association in Hayward. By stipulation entered on June 26, 1990, the parties agreed to sell the real property and divide the

net sales proceeds as "determined by the Court in further proceedings . . . ." The real property was thereafter sold in accordance with the terms of the stipulation.

On September 20, 1990, the parties agreed to submit the matter of the distribution of the proceeds of the sale to final and conclusive judicial arbitration, which would not be subject to a request for trial de novo. An arbitration hearing was held on April 16 and 23, 1991, and submitted to the arbitrator on the latter date. On April 29, 1991, the arbitrator rendered his decision which awarded appellant $93,199.24 and respondents $25,056.05 each from the proceeds of the sale of the property. The arbitrator's award was filed the next day but never entered as a judgment.

Respondents' counsel received a copy of the arbitrator's award on May 2, 1991, and within four days advised appellant's counsel and the arbitrator that he questioned the "mathematical calculations of the award . . . ." He also recommended that the funds on deposit not be distributed to the parties "until this point was clarified by the Arbitrator." In a letter to appellant's attorney dated May 6, 1991, respondents' attorney requested that payment pursuant to the arbitrator's award be made to his trust account but mentioned that he had "some question . . . with regard to the Award." He explained that "the amounts set forth in the award only equal the current balance contained in your trust account, as opposed to the true proceeds of sale, which are over $30,000.00 more. . . . I am unable to determine how the arbitrator made this award."

On May 9, 1991, appellant's counsel distributed the proceeds of the sale of the property in accordance with the arbitrator's award by sending a check to respondents' counsel. The check was deposited by respondents' counsel into a trust account the following day.

By letter to the arbitrator dated May 13, 1991, respondents' attorney requested "clarification" of the arbitration award. Counsel advised the arbitrator that the "amounts" to be divided by the award "only equal the current balance contained in Mr. Holt's trust account, as opposed to the true proceeds of sale, which are over $30,000.00 more (there was a personal judgment against Mr. Lopes and the funds were taken out of escrow). In looking at this award, as well as our respective briefs, I am unable to clearly determine how the final award was arrived at, and how or to whom the remaining $30,000.00 is to be credited." The arbitrator received counsel's letter the following day and upon reading it realized that he had made a "computation error" in the arbitration award.

On May 16, the arbitrator notified counsel by letter that upon his review of the arbitration award he had "discovered the award did not accurately reflect the division of the sale proceeds" which he "intended." As a result, the arbitrator issued an "Amended Award," dated May 15, 1991, according to which appellant was granted $70,224.21 and respondents $48,031.08 each from "the proceeds of the sale of the home."[1] The amended award was filed on May 17, 1991. The county clerk entered the amended award as a judgment on June 21, 1991. (Cal. Rules of Court, rule 1615(c).)[2]

In the superior court, appellant moved to vacate the judgment on grounds that the arbitrator had engaged in "misconduct," acted "without authority or jurisdiction," and "exceeded his powers" in filing the amended award. (Rule 1615(d); § 1286.2, subds. (c), (d).) Respondents moved for "an order correcting the clerical error" in the initial award and to amend the award "nunc pro tunc and confirm the Judgment" as entered. After a hearing, the court granted respondents' motion to correct the "clerical error" in the initial arbitration award by amendment nunc pro tunc "in order that the judgment will conform to the arbitrator's decision" and to confirm the judgment as entered.[3] Appellant's motion to vacate the award was denied. ▮▮▮ This appeal followed.[4]

▮▮ Appellant complains that the amended award was "in excess of the arbitrator's jurisdiction and void." He contends that under rule 1615(b), the arbitrator "had 10 days from the last arbitration hearing date, April 23, 1991, in which to file his award and any amended award . . . ." The amended award was not filed until May 15, 1991, and so, argues appellant, was "not within the time allowed for filing an amended award." Appellant submits that the 10-day "time limit is jurisdictional," and, therefore, the amended award must be vacated.

---

[1]In his letter of May 16, the arbitrator explained, as follows, the basis for the amendment to the award: "Because plaintiffs' loan of $30,974.70 was a lien on the property, defendants were entitled to the reimbursement of their share or $10,324.90, a fact that was not in dispute among the parties. When that amount is subtracted from the previous sum [i.e., $80,549.11], plaintiff was entitled to $70,224.21 and defendants were entitled to $48,031.08 from the sale proceeds of $118,255.29."

[2]All further references to rules are to the California Rules of Court; all statutory references are to the Code of Civil Procedure.

[3]Thus, appellant was awarded $70,224.21 and respondents were each awarded $48,031.08.

[4]While the judgment entered upon the arbitration award is nonappealable, the order denying appellant's motion to set aside the judgment is appealable. (Cf. *Dickens v. Lee* (1991) 230 Cal.App.3d 985, 987 [281 Cal.Rptr. 783]; *Cabrera v. Plager* (1987) 195 Cal.App.3d 606, 610 [241 Cal.Rptr. 731].)

■ We proceed from the established premise that review of the arbitrator's award is confined to the grounds stated in section 1286.2.[5] (*Greenfield v. Mosley* (1988) 201 Cal.App.3d 735, 744 [247 Cal.Rptr. 314]; *Rosenquist v. Haralambides* (1987) 192 Cal.App.3d 62, 66 [237 Cal.Rptr. 260].) Every reasonable intendment is indulged to give effect to arbitration proceedings; the burden is on the party attacking the award to affirmatively establish the existence of error by a proper record. (*Id.* at p. 67.) The arbitrator's findings on issues of both law and fact are conclusive. (*Severtson v. Williams Construction Co.* (1985) 173 Cal.App.3d 86, 92-93 [220 Cal.Rptr. 400].) Courts may not examine the merits of the controversy, the sufficiency of the evidence supporting the award, or the reasoning supporting a decision. Even an error of law does not justify setting aside an arbitrator's decision unless the error appears on the face of the award and causes substantial injustice. (*All Points Traders, Inc. v. Barrington Associates* (1989) 211 Cal.App.3d 723, 736 [259 Cal.Rptr. 780]; *Greenfield v. Mosley, supra*, 201 Cal.App.3d 735, 744; *Ray Wilson Co. v. Anaheim Memorial Hospital Assn.* (1985) 166 Cal.App.3d 1081, 1090 [213 Cal.Rptr. 62].) "The mere fact that an arbitrator reached an erroneous conclusion based on an error of law which does not appear on the face of the record will not invalidate the award; on the other hand, where the error appears on the face of the award and causes substantial injustice the award may be vacated. [Citations.]" (*Greenfield v. Mosley, supra*, 201 Cal.App.3d 735, 745; *Ray Wilson Co. v. Anaheim Memorial Hospital Assn., supra*, 166 Cal.App.3d 1081, 1090-1091.)

■ Appellant's claim that the arbitrator lacked jurisdiction to issue the amended award is predicated upon rule 1615(b), which provides: "Within 10 days after the conclusion of the arbitration hearing the arbitrator shall file his award with the clerk, with proof of service on each party to the arbitration. On the arbitrator's application in cases of unusual length or complexity, the

---

[5]Section 1286.2 specifies the sole grounds for vacating an arbitration award as follows: "(a) The award was procured by corruption, fraud or other undue means; [¶] (b) There was corruption in any of the arbitrators; [¶] (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; [¶] (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (See also *Airfloor Co. of California, Inc. v. Regents of University of California* (1978) 84 Cal.App.3d 1004, 1008 [149 Cal.Rptr. 130].)

Rule 1615(d) provides that "[a] party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a), (b), and (c) of section 1286.2 of the Code of Civil Procedure, and upon no other grounds."

court may allow up to 20 additional days for the filing and service of the award. Within the time for filing the award, the arbitrator may file and serve an amended award." We agree with appellant that the arbitrator did not file the amended award within the statutory 10-day period, but conclude that noncompliance with the time limit specified in rule 1615(b) does not invariably invalidate an amended arbitrator's award and the judgment subsequently entered upon it. We agree with the decision in *Koll Hancock Torrey Pines* v. *Biophysica Foundation, Inc.* (1989) 215 Cal.App.3d 883, 887 [264 Cal.Rptr. 36], where the court concluded: "Because the language, subject matter and purposes of rule 1615(b) are parallel to numerous statutes which have been construed as directory rather than jurisdictional, and because the policies underlying arbitrations would be undermined by the interpretation urged by appellants, we conclude the time limitations prescribed by rule 1615(b) for filing an award are directory and not jurisdictional." We are also convinced that to treat the 10-day period as jurisdictional rather than directory would unnecessarily frustrate the policy of favoring arbitration as an expeditious, inexpensive and fair means of resolving legal disputes "by undermining the enforceability of any award which was even marginally delayed." (*Id.* at p. 886.)

■ Instead, to determine the validity of an amended award filed by an arbitrator after the time limit specified in rule 1615(b), we believe that consideration of the following factors is appropriate: the reason for the untimely filing of an amended award; the length of the delay; the nature of the amendment; the complexity of the case; and the prejudice to the complaining party due to the delay. If, upon consideration of these or other pertinent factors, it appears that "good cause" exists to relieve the arbitrator of the default of an untimely amendment, the amended award should be confirmed as valid and judgment upon it entered. Relief from default should be favored where the untimely amendment effectuates the original intent of the arbitrator in making the award and does not involve presentation of evidence or consideration of issues previously omitted.

■ Turning specifically to the delay which occurred in the case before us, we observe that a dispute as to the arbitrator's initial "mathematical calculations" was made known to appellant and the arbitrator by respondents well within the 10-day period. The arbitrator then acted promptly to correct his "computation error" upon respondents' request for clarification. The amendment did not require consideration of new evidence or the resolution of an issue not previously presented. Rather, the arbitrator merely acted to remedy an error in calculations so as to accurately effectuate the intended distribution of proceeds. Based upon the record before us, we can discern no cognizable prejudice to appellant from the brief delay. Accordingly, we find

that the arbitrator's noncompliance with the directory 10-day time period for amending the award does not necessitate reversal of the judgment.

█ We further conclude that even if we were compelled to declare invalid the amended award filed by the arbitrator, we would find the correction of the award by the trial court proper. Section 1286.6 provides that the trial court "shall correct" an arbitration award and "confirm it as corrected" upon a showing of an "evident miscalculation" or an award "imperfect in a matter of form, not affecting the merits of the controversy."[6] ██ ██ The evidence presented to the trial court demonstrated that the initial award was an "evident miscalculation," capable of correction without affecting the merits of the controversy.[7] The amendment did not require reinterpretation of the evidence or revision in the substance of the award as rendered. (Cf. *Tate* v. *Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843, 861 [265 Cal.Rptr. 440]; *Severtson* v. *Williams Construction Co., supra,* 173 Cal.App.3d at p. 95; *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 86 [111 Cal.Rptr. 274].) Thus, the correction of the award to effectuate the intent of the arbitrator was justified under section 1286.6. (*Baldwin Co.* v. *Rainey Construction Co.* (1991) 229 Cal.App.3d 1053, 1057-1059 [280 Cal.Rptr. 499]; *Ray Wilson Co.* v. *Anaheim Memorial Hospital Assn., supra,* 166 Cal.App.3d at p. 1092; *L. A. Local etc. Bd.* v. *Stan's Drive-Ins, Inc.* (1955) 136 Cal.App.2d 89, 94 [288 P.2d 286].)

█ Finally, we reject appellant's contention that respondents "waived any right to attack the original award" by receiving the benefits of that award from their attorney's trust account. Respondents accepted only that portion of the proceeds from the sale of the property to which they were absolutely and concededly entitled in accordance with the original arbitration award. At the same time, respondents' counsel questioned the arbitrator's calculations and sought amendment of the original award. Under these circumstances, respondents were entitled to accept the lesser amount without waiving their rights to seek amendment of the award to obtain a greater recovery. (*Lee* v. *Brown* (1976) 18 Cal.3d 110, 115-116 [132 Cal.Rptr. 649, 553 P.2d 1121]; *Severtson* v. *Williams Construction Co., supra,* 173 Cal.App.3d at p. 96.)

---

[6]Section 1286.6 reads: "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that: [¶] (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

[7]In this regard the declaration of the arbitrator was admissible for the limited purpose of showing an error on the face of the award. (*Greenfield* v. *Mosley, supra,* 201 Cal.App.3d 735, 747; *Hirsch* v. *Ensign* (1981) 122 Cal.App.3d 521, 529 [176 Cal.Rptr. 17].)

The judgment is affirmed.

Strankman, P. J., and Stein, J., concurred.