Filed 12/16/13  Certified for publication 1/3/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANAHEIM UNION HIGH SCHOOL DISTRICT, <br><br>    Plaintiff and Appellant, <br><br>      v. <br><br>AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 3112, AFL-CIO, <br><br>    Defendant  and Respondent. | G047597 <br><br> (Super. Ct. No. 30-2012-00538946) <br><br> O P I N I O N |

         Appeal from a judgment of the Superior Court of Orange County, B. Tam Nomoto Schumann, Judge.  Affirmed.

         Stutz Artiano Shinoff & Holtz, Jack M. Sleeth, Jr., and Paul V. Carelli, IV, for Petitioner and Appellant.

         Rothner, Segall & Greenstone, Anthony Segall, Joshua Adams, and Anthony Resnick for Defendant and Respondent.

The Anaheim Union High School District (the District) appeals from a judgment confirming an arbitration award in favor of the American Federation of State, County and Municipal Employees, Local 3112, AFL-CIO (the Union). The District contends the court was required to vacate the arbitration award because the arbitrator exceeded his powers when he ruled that the District violated the collective bargaining agreement between the parties by reducing the work year of certain classified employees without the consent of the Union and the employees. We affirm the judgment.

FACTS

The arbitrator's opinion and award summarized the following undisputed facts. In 2009, the District decided to discontinue and reduce some classified employment positions due to the poor economy and an anticipated reduction in state funding for subsidized student meals. With respect to food service and transportation staffing, the District asked the Union to negotiate cost saving options. The Union replied with a willingness to discuss these subjects with the District but not to negotiate over any contractual provisions affecting hours of service or layoff. The District decided to eliminate summer school and to layoff food service and transportation workers while at the same time offering to reemploy them in jobs with shorter work years. Most, if not all, of the impacted employees accepted reductions, but did so unwillingly and lined out the word "voluntary" on the consent forms. The Union filed grievances on behalf of the food service and transportation workers, alleging the District had unilaterally reduced their work hours in violation of the collective bargaining agreement. The District denied the

2

grievances. The Union appealed the grievances to arbitration.[1] The District stipulated to the arbitrability of all issues except one.[2]

The arbitrator found the District suffered from a lack of funds and was authorized to layoff employees for lack of funds and lack of work. But the arbitrator ruled the District violated the collective bargaining agreement by reducing the employees' work year without the voluntary agreement of the employees and the Union. The arbitrator remanded the determination of the appropriate remedy to the parties, but retained jurisdiction in the event of a dispute.

DISCUSSION

Based on *San Mateo City School Dist. v. Public Employment Relations Bd.* (1983) 33 Cal.3d 850 (*San Mateo*), *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269 (*Round Valley*), and *California School Employees Assn. v. King City Union Elementary School Dist.* (1981) 116 Cal.App.3d 695 (*King City*), the District contends the arbitrator exceeded his powers and therefore the court was required to vacate the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4).[3]

---

[1] The collective bargaining agreement between the District and the Union contained an arbitration clause which allowed the Union to escalate a grievance to binding arbitration to determine whether the agreement had been violated.

[2] On appeal the District does not contend it objected to the arbitration of any issue that is the subject of this appeal.

[3] Code of Civil Procedure section 1286.2 sets forth the limited grounds for a court vacating an arbitration award. Subdivision (a)(4) of the statute requires a court to vacate an award if the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

3

Since the facts are undisputed, we independently review the court's order granting the Union's petition to confirm the arbitration award and denying the District's motion to vacate it. (*Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 892, fn. 7.) "'[W]hether the arbitrator exceeded his or her powers . . . , and thus whether the award should have been vacated on that basis, is reviewed on appeal de novo.'" (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33.)

The Educational Employment Relations Act (Gov. Code, § 3540 et seq.) (EERA) governs the collective bargaining rights of public school employees. (3 Witkin, Summary of Cal. Law (10th ed. 2005) Agency and Employment, § 567, p. 678.) The EERA requires a public school employer to meet and negotiate with its employees' exclusive representative concerning "matters within the scope of representation" (Gov. Code, § 3543.3) and permits the employer and the representative to enter into a written agreement covering matters within the scope of representation (Gov. Code, § 3540.1, subd. (h)). The scope of representation is "limited to matters relating to wages, hours of employment, and other terms and conditions of employment." (Gov. Code, § 3543.2, subd. (a).) "All matters not specifically enumerated [in the EERA] are reserved to the public school employer and may not be a subject of meeting and negotiation . . . ." (*Ibid.*)

Government Code section 3540 of the EERA is particularly significant to this case. The statute specifies that the EERA does *not* "supersede other provisions of the Education Code . . . ." (Gov. Code, § 3540.) As discussed below, our Supreme Court has interpreted this statutory language to preserve the *mandatory and nonnegotiable* nature of certain Education Code sections, which therefore preempt the EERA and collective bargaining agreements under EERA.

In *San Mateo*, our Supreme Court held that Government Code section 3540 precludes collective bargaining agreements which would replace, set aside, or annul mandatory sections of the Education Code whose statutory language clearly evidence "an

4

intent to set an inflexible standard or insure immutable provisions." (*San Mateo*, *supra*, 33 Cal.3d at pp. 864-865; *id*. at p. 866.) As a primary example of mandatory Education Code provisions which "exhibit a legislative intent to fully occupy the field" and to "preclude collective negotiations and agreements in the same field," the court identified Education Code sections 45101, subdivision (g), 45114, 45115, 45117, 45298, and 45308, which "mandate certain procedures, protections and entitlements for classified employees who are to be laid off or disciplined." (*San Mateo*, at p. 866.)

In *Round Valley*, our Supreme Court applied this preemption mandate to a collective bargaining dispute that had been fully arbitrated. The high court invalidated an arbitration award that enforced a collective bargaining provision that was "directly contrary to" (*Round Valley*, *supra*, 13 Cal.4th at p. 284) a "nonnegotiable and mandatory provision of the Education Code" concerning dismissal of probationary teachers (*id*. at p. 286).[4] Because the mandatory Education Code statute preempted the conflicting provisions in the collective bargaining agreement, "the arbitrator exceeded his powers . . . by purporting to give effect to those preempted provisions." (*Round Valley*, at p. 272.) Accordingly, our Supreme Court vacated the arbitration award pursuant to Code of Civil Procedure section 1286.2, on the ground that the arbitrator exceeded his powers in making the award. (*Round Valley*, at pp. 272, 275.) Although our Supreme Court recognized that "judicial review of an arbitrator's award is quite limited" and that, generally, "the merits of an arbitration award, either on questions of fact or of law, are not subject to judicial review," it explained: "'[T]here may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision when a

---

[4] *Round Valley* involved Education Code section 44929.21. The opinion states that the statute permitted a school district, *without cause*, to decline to reelect a probationary teacher. (*Round Valley*, *supra*, 13 Cal.4th at p. 272.) Then (as now) Education Code section 44929.21 required a school district to give the employee notice of the district's decision concerning his or her reelection, but was silent on the issue of whether the district could decline to reelect without cause.

5

party claims illegality affects only a portion of the underlying contract. Such cases would include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's *statutory rights*.'" (*Id*. at p. 275.) Our Supreme Court further stated "that courts retain the authority to overturn arbitration awards 'as beyond the arbitrator's powers . . . for an unauthorized remedy . . . .'" (*Ibid.*)[5]

The issue before us is whether the District had the right under a mandatory, nonnegotiable section of the Education Code to reduce a classified employee's work year in lieu of a layoff for lack of funds, without complying with the collective bargaining agreement. The District claims it had such a right under Education Code sections 45308 and 45117, and therefore the arbitrator exceeded his powers by denying the District its statutory right.[6] Both of these statutes apply to merit system districts.[7] (Tit. 2, div. 3, part 25, chap. 5, art. 5 & 6 of Ed. Code; Ed. Code, § 45117, subd. (e) ["This section shall apply to districts that have adopted the merit system in the same manner and effect as if it

---

[5] Prior to the arbitration in *Round Valley*, the school district there had insisted that the matter was *not* arbitrable, but the superior court had granted the union's motion to compel arbitration. (*Round Valley*, *supra*, 13 Cal.4th at p. 273; see also *United Teachers of Los Angeles v. Los Angeles Unified School Dist.* (2012) 54 Cal.4th 504, 510 ["a court faced with a petition to compel arbitration to enforce collective bargaining provisions between a union and a school district should deny the petition if the collective bargaining provisions at issue directly conflict with provisions of the Education Code — that is, if they would annul, replace, or set aside Education Code provisions"].)

[6] The District does *not* rely on Education Code section 45298, subdivisions (b) and (c), which relate to employees who take "a voluntary reduction in assigned time in lieu of layoff." The arbitrator in this case found the classified employees' reductions in hours were involuntary.

[7] "The Education Code permits any school district to adopt a merit, or civil service, system relating to its classified employees, on following the procedure prescribed by the code." (56 Cal.Jur.3d (2006) Schools, § 524, p. 939.) The personnel commission of a merit system district must prescribe "such rules as may be necessary to insure the efficiency of the service and the selection and retention of employees upon a basis of merit and fitness." (Ed. Code, §§ 45260, 45241.)

6

were a part of Article 6 (commencing with Section 45240)"].)  The District acknowledged below (and here) that it is a merit system district.

Education Code section 45308, subdivision (a), provides that classified employees are "subject to layoff for lack of work or lack of funds" and mandates that the order of layoff be determined by length of service and that the order of reemployment be determined by seniority.  Subdivisions (a) and (b) of Education Code section 45117 require that notice of layoff and of reemployment rights be given to classified employees who are subject to being laid off for lack of funds due to the expiration of a specially funded program or the reduction or elimination of a department service.  Subdivision (d)(1) and (2) of Education Code section 45117 eliminates the notice requirement for a "layoff for a lack of funds in the event of an actual and existing financial inability to pay the salaries of classified employees" or a "layoff for a lack of work resulting from causes not foreseeable or preventable by the governing board."  Significantly, both Education Code sections 45308 and 45117, by their terms, apply to an actual *layoff* of classified employees, not to a reduction of an employee's work year in lieu of layoff.

Education Code section 45101, subdivision (g), expands the definition of "'[l]ayoff for lack of funds or layoff for lack of work'" to include "any reduction in hours of employment . . . , voluntarily consented to by the employee, in order to avoid interruption of employment by layoff."  But Education Code section 45101 does *not* apply to merit system school districts. (Ed. Code, § 45101 ["The provisions of this section shall not apply to school districts to which the provisions of Article 6 (commencing with Section 45240) of this chapter are applicable"].)

Thus, the District had no statutory right under Education Code sections 45308 and 45117 to reduce a classified employee's work year in lieu of a layoff for lack of funds, without complying with the collective bargaining agreement.  And mere compliance with the layoff *procedures* prescribed in sections 45308 and 45117 does not

7

transform a reduction of hours or work year into a layoff. Calling the reduction of hours or work year a layoff does not make it one.

The same conclusion was reached by the independent Public Employment Relations Board (Gov. Code, § 3541, subd. (a)) (PERB), which has the power and duty under the EERA to "determine in disputed cases whether a particular item is within or without the scope of representation" (Gov. Code, § 3541.3, subd. (b)).[8] In *California School Employees Assoc. v. North Sacramento School District* (Dec. 31, 1981) PERB Dec. No. 193 (*North Sacramento*), PERB held that a school district's decision to offer to reduce certain employees' work hours in lieu of layoff (*id*. at p. 4) was within the scope of representation and therefore the school district violated the EERA by taking unilateral action without negotiating with the employees' union (*North Sacramento*, at p. 8). PERB stressed that "layoffs and reduction of hours are separate actions: one suspends the employment relationship entirely for a time; the other maintains the relationship but alters some of its terms." (*Id.* at pp. 4-5.) PERB stressed that "in lieu of means *in place of*, *instead of*." (*Id.* at p. 4.) Although the respondent school district argued the reduction in hours in lieu of layoff was appropriate under Education Code section 45101, subdivision (g), PERB noted the inapplicability of the statute to merit system districts. (*Id.* at p. 5.)

The District argues it implemented a "partial" layoff (which suspended the employment relationship for a time, consistent with *North Sacramento's* definition of "layoff"), *not* a reduction in work year. For this proposition, the District relies on *King City*, where the Court of Appeal affirmed a judgment denying a union's writ petition against a school district that shortened the work year of certain classified employees. (*King City*, *supra*, 116 Cal.App.3d at pp. 698-699.) But the *King City* court, in

_____

[8] PERB's interpretation of the scope of representation under the EERA "is to be regarded with deference by a court performing the judicial function of statutory construction, and will generally be followed unless it is clearly erroneous." (*San Mateo*, *supra*, 33 Cal.3d at p. 856.)

determining that "California's Legislature has expressed the state's public policy that its classified school employees shall not be employed when there is no existent funding with which to pay them" (*id*. at p. 700), recited portions of Education Code sections 45117 and 45308 concerning layoffs for lack of funds (*id*. at pp. 700-701), *and* Education Code section 45101, subdivision (g), which expands "'[l]ayoff for lack of . . . funds'" to include a "'reduction in hours of employment.'" (*Id*. at p. 701.)[9] We reiterate that Education Code section 45101 does not apply to merit system districts. Furthermore, *King City* did *not* involve an arbitration award nor did the school district's action conflict with the collective bargaining agreement. (*King City*, at p. 701). Indeed, the school district's action was, at the time of its implementation, acceptable to the employees, the union, and the school district. (*Id.* at p. 700.) Finally, contrary to the District's contention that *King City* supports the District's claim its action should be labeled a "partial layoff," *King City* stated, "It is significant . . . that the trial court found, although the form of the District's action was spoken of in terms of layoff, in substance the teacher aides' '*work year was reduced by two weeks*.'" (*Id.* at p. 699.)

---

[9] *King City* also discussed Education Code section 45101, subdivision (g) in a different respect. In response to the union's contention "the layoff was invalid 'since it was imposed on all teacher aides involuntarily and without regard for their seniority'" (*King City*, *supra*, 116 Cal.App.3d at p. 703), the Court of Appeal interpreted the subdivision "to protect *individual* employees who voluntarily accept reduction in hours of employment . . . in their seniority rights vis-à-vis other employees[, as opposed to the statute preventing,] without consent, temporary or partial (as here) layoffs of an entire class for lack of funds" (*id*. at p. 704).

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

ARONSON, ACTING P. J.

THOMPSON, J.

10

Filed 1/3/14
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANAHEIM UNION HIGH SCHOOL DISTRICT,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 3112, AFL-CIO,<br><br>    Defendant and Respondent. | G047597<br><br>(Super. Ct. No. 30-2012-00538946)<br><br>O R D E R |

Appellant and respondent have requested that our opinion, filed on December 16, 2013, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The requests are GRANTED.

The opinion is ordered published in the Official Reports.


IKOLA, J.

WE CONCUR:

ARONSON, ACTING P. J.


THOMPSON, J.