Filed 11/26/25  Singh v. Reedy Mechanical CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JASPREET SINGH,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REEDY MECHANICAL INC.,<br><br>Defendant and Appellant. | C100084<br><br>(Super. Ct. No. STK-CV-UCC-2021-0011339) |

In December 2018, plaintiff Jaspreet Singh made an offer to purchase real property from Jefferey and Dorinda Reedy (collectively, the Reedys).  The Reedys made a counteroffer, which was accepted, and the transaction proceeded to escrow.  The Reedys, however, refused to close, belatedly asserting there was an existing 2015 commercial lease on the property between themselves, as landlord, and defendant Reedy Mechanical Inc., as tenant, that ran with the land.  They argued plaintiff would have to assume that

1

lease upon acquiring the property. Plaintiff maintained that the Reedys never disclosed the existence of the purported lease.

In 2019, plaintiff sought specific performance of the purchase agreement. The matter was referred to an arbitrator, who found in favor of plaintiff on the specific performance cause of action. The trial court confirmed the award. The Reedys still refused to consummate the sale, so plaintiff filed this action against defendant Reedy Mechanical, Inc., which led to another arbitrator's award declaring the 2015 commercial lease void and invalid. The trial court denied defendant's petition to vacate the arbitrator's decision and confirmed the second award.

On appeal, defendant argues that we are required to review the matter de novo, and that the trial court erred in denying its petition to vacate the arbitrator's award because (1) the arbitrator was biased; (2) the arbitrator exceeded her powers in declaring the lease void and invalid because (a) plaintiff was not a party to the lease and lacked standing to bring this action, and (b) the Reedys were indispensable parties but were not joined in the action; and (3) there was no agreement to arbitrate and thus the action was not properly before the arbitrator. Finding no merit in these contentions, we will affirm.

BACKGROUND

*Complaint*

Plaintiff commenced this action by filing a complaint seeking declaratory relief and ejectment. Plaintiff alleged that, in a prior action against the Reedys, he had sought specific performance of a written contract to purchase real property on Frewert Road in Lathrop, California. Plaintiff demanded arbitration, and the arbitrator's award ordered the Reedys to close escrow and sell the property to plaintiff. The trial court confirmed the arbitrator's interim and final awards.

According to plaintiff, during the earlier arbitration proceedings, he learned for the first time of an alleged 2015 commercial lease on the subject property. The Reedys were identified as the landlords, and defendant was the tenant. Plaintiff alleged that the interim

2

arbitration award in the prior action confirmed that the Reedys acknowledged their failure to disclose the existence of the 2015 lease.  But the arbitrator made no express findings regarding the validity of that lease.  Plaintiff notified the Reedys that he intended to close escrow and pursue this action.

In the first cause of action, plaintiff sought a judicial determination as to the validity of the 2015 commercial lease and a declaration that the lease was void and invalid.  In the second cause of action, plaintiff sought a judgment ejecting defendant from the property.

*Arbitration*

*First Action and Prior Arbitration Awards*

In the prior action, plaintiff filed a complaint seeking specific performance, declaratory relief, and damages.  The matter was referred to the same arbitrator who presided over the present matter.  The arbitrator found in favor of plaintiff on his claim for specific performance.  In the interim award, the arbitrator noted that the Reedys acknowledged that their Transfer Disclosure Statement did not disclose the existence of the 2015 commercial lease.  The arbitrator rejected the Reedys' argument that the real estate sale agreement was unenforceable based on this omission, observing that it was the Reedys who failed to make the disclosure, and they could not use that failure to defeat a specific performance claim.  In the final arbitration award, the arbitrator denied plaintiff's request that she make an express finding that the 2015 lease was invalid because defendant was not a party to the arbitration, and the issue was beyond the scope of plaintiff's complaint.  After both arbitration awards were issued in the prior action, the Reedys recorded a memorandum of lease on December 31, 2020, creating a cloud on title.

The trial court in the prior action confirmed the arbitrator's interim and final awards and entered judgment in plaintiff's favor.  When plaintiff attempted to consummate the sale and close escrow, however, the Reedys refused to sign the necessary

3

documents, and plaintiff filed a motion seeking appointment of an elisor. The trial court granted the motion, the Reedys appealed, and, while the appeal was pending, the trial court granted the Reedy's motion for a stay.

*The Arbitration Hearing*

In the present arbitration, the arbitrator limited the issue for consideration to the declaratory relief cause of action. At the arbitration hearing, plaintiff attempted to call both of the Reedys as witnesses, but counsel for defendant stated they would not appear. The arbitrator noted that it was previously understood that, although the Reedys were out of state, they would appear remotely. Defendant's counsel stated that the Reedys had no intention of appearing or participating in the proceedings. Defendant's attorney acknowledged that defendant was solely owned by Jefferey Reedy.

Shella Dewhurst, a licensed real estate agent, testified that she represented both plaintiff and the Reedys in the sale and purchase of the subject property. In entertaining an earlier offer on the property, the Reedys did not inform the potential buyers that there was an existing lease on the property, and did not object to a proposed term that would have required them to vacate the property in 15 days if they did not reach a separate agreement. They also did not disclose any tenant in possession of the subject property when they tendered a counteroffer. No lease agreement was disclosed in the documents prepared by the Reedys. Ultimately, the potential buyers did not proceed with the transaction.

According to Dewhurst, before that unsuccessful offer on the property, a 2018 title report revealed an option agreement that was clouding title to the property. The option, dated June 2, 2005, was between the Reedys and Lathrop Land, LLC. This cloud on title was removed during escrow in the sale of the property to plaintiff.

Dewhurst further testified that plaintiff tendered a purchase offer for the property dated December 20, 2018. The Reedys made a counteroffer. These two documents together formed the purchase agreement. According to Dewhurst, if there had been a

4

tenant on the property at that time, the Reedys were required to disclose this fact in their counteroffer, and they did not do so. Instead, the Reedys agreed to vacate the property within two weeks after closing. The Reedys never mentioned defendant having a lease on the property.

A seller property questionnaire, signed December 23, 2018, was part of the Reedys' disclosure package. One portion of the questionnaire was titled, "Title, Ownership liens, and legal claims." A checked box indicated that the seller was aware of "Leases, options, or claims affecting or relating to title or use of the property." A handwritten explanation elaborated, "Title company working to resolve." According to Dewhurst, this was not meant to refer to any lease of the property to defendant. Rather, Dewhurst wrote this entry in reference to the 2005 option held by Lathrop Land, LLC.

The arbitrator received in evidence the 2015 commercial lease agreement between the Reedys and defendant. Dewhurst testified that the commercial lease form lacked certain broker/realtor identifying information that should appear at the bottom of such forms, and lacked the HUD logo which also appears on such forms. According to Dewhurst, these forms are only accessible to licensed realtors and brokers. It appeared to Dewhurst that the missing information had been redacted. An addendum was attached to the commercial lease agreement, dated and signed December 28, 2015. However, on the bottom, the form indicated it had been revised or updated in November 2016, after the date it purportedly was signed by the Reedys.

Plaintiff testified that he entered into the agreement to purchase the property from the Reedys. He first learned of the 2015 commercial lease during mediation in the prior specific performance action. Plaintiff acknowledged that he was not a party to the commercial lease, and he did not yet have title to the subject property because escrow had not closed. According to plaintiff, no lease was disclosed in his meetings with Dewhurst. When he entered into the purchase agreement, the 2015 commercial lease was not

mentioned on title, and nothing was recorded pertaining to that lease. The memorandum of lease was only recorded after plaintiff prevailed in the first arbitration proceeding.

*Validity of the Lease*

The arbitrator determined there was an actual controversy between plaintiff and defendant concerning their rights to real property insofar as plaintiff claimed that the 2015 commercial lease was invalid, not disclosed by the Reedys during the sale, and thus whether plaintiff's purchase of the property was subject to the lease. The arbitrator found the issue properly to be the subject of declaratory relief.

The arbitrator concluded that plaintiff met his burden to establish that it was more likely true than not that the commercial lease was not created, executed, or in existence as of December 28, 2015, and therefore found the lease to be void and invalid. The arbitrator further found the lease had not been disclosed to plaintiff during the negotiations as required, and that the evidence contradicted defendant's claim that the lease was duly executed and in effect as of December 28, 2015.

*Arbitration Award*

The arbitrator found in favor of plaintiff on his cause of action for declaratory relief, stating: "The Commercial Lease Agreement dated December 28, 2015, between Reedy Mechanical, Inc. as Tenant and Jeff and Dorinda Reedy as Landlords is void and invalid."

*Trial Court's Confirmation of the Arbitration Award*

Plaintiff then filed a petition to confirm the arbitration award. Defendant filed a petition to vacate the award on the ground that the arbitrator exceeded her powers and the award could not be fairly corrected.

In a tentative ruling, the trial court granted plaintiff's petition to confirm the arbitration award and denied defendant's petition to vacate it. In oral argument before the trial court, defendant argued that the arbitrator was biased, and, therefore, the trial court should overturn the arbitration award.

6

On November 7, 2023, following oral argument, the trial court affirmed its tentative ruling. It found that the arbitrator did not exceed her powers in declaring the lease void and invalid, found that an actual controversy over the validity of the lease was properly before her, and that defendant failed to carry its burden of establishing that the arbitrator exceeded her powers.

The trial court further rejected defendant's claim that the Reedys were indispensable parties to the action, noting that, in the prior action, the Reedys claimed the arbitrator could not make a finding as to the validity of the lease because *defendant* was not a party to that action. Now, defendant was arguing that the arbitrator exceeded her powers in determining the lease was invalid because the *Reedys* were not parties. The court stated that the Reedys and defendant "seek to avoid liability by pointing the finger at each other. The law does not allow this type of subterfuge." The court stated that the arbitrator "appropriately decided the issue of whether she could grant declaratory relief about the validity of the lease, and whether the appropriate parties were present in front of her." Further, the court noted that, even if the arbitrator's determination was erroneous, a trial court may not vacate an arbitration award merely because the arbitrator made a factual or legal error, as such matters are insufficient bases for challenging an arbitration award.

The trial court then turned to defendant's argument that the arbitrator exceeded her powers in deciding the dispute because the parties had not agreed to arbitrate. The court concluded that the validity of the 2015 commercial lease arose out of the purchase agreement, which contained a provision calling for arbitration of any dispute arising from it. Therefore, plaintiff's claims about the validity of the lease fell within the express terms of the arbitration provision, as they were intertwined with and arose out of the purchase agreement, and defendant was equitably estopped from refusing to arbitrate.

7

The trial court next stated that defendant failed to identify any arbitrator misconduct or bias.  The court found that defendant's bare accusations were insufficient to establish bias or misconduct.

Having concluded that defendant failed to meet its burden as to all of its challenges to the arbitrator's award, the trial court denied defendant's petition to vacate the award and granted plaintiff's petition to confirm the award.

*Notice of Appeal, Judgment, and Appealability*

Defendant filed its notice of appeal on December 13, 2023, purporting to appeal from an order after judgment under Code of Civil Procedure[1] section 904.1, subdivision (a)(2). The notice of appeal stated that defendant appealed from a judgment or order entered on November 7, 2023, a copy of which was attached to the notice.  One day *after* the notice of appeal was filed, the trial court filed its judgment in favor of plaintiff declaring that the 2015 commercial lease void and invalid.

Section 1294 lists the appealable orders and judgments associated with arbitration. Insofar as relevant here, a party may appeal from "[a]n order *dismissing* a petition to confirm, correct or vacate an award" (§ 1294, subd. (b), italics added); "[a] judgment entered pursuant to this title" (*Id.*, subd. (d)); and "[a] special order after final judgment" (*Id.*, subd. (e)).  "An order *denying* a petition is not the same as an order *dismissing* such a petition."  (*Sunnyvale Unified School Dist. v. Jacobs* (2009) 171 Cal.App.4th 168, 174, italics added.)  "No appeal . . . will lie from an order *denying* vacation or correction of an arbitration award."  (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454.)  "Such an order may be reviewed upon an appeal from the judgment of confirmation."  (*Ibid.*)

---

**1**　　　Undesignated section references are to the Code of Civil Procedure.

8

To the extent defendant appeals from the order denying its petition to vacate the arbitration award and granting plaintiff's petition to confirm the award, defendant appeals from a nonappealable order. Under the circumstances of this case, however, we will deem defendant's premature notice to be an appeal from the judgment and to have been filed immediately after the entry of judgment. (See Cal. Rules of Court, rule 8.104(d); *Mukthar v. Latin American Security Service* (2006) 139 Cal.App.4th 284, 288 [when a nonappealable order is followed by a judgment, "the appellate court may deem the premature notice of appeal to have been filed after the entry of judgment"].)

DISCUSSION

I

*Arbitration Awards—Standard of Review and Scope of Review*

Defendant argues that whether an arbitrator has exceeded his or her power is a question that we must review de novo. Defendant argues the arbitrator invalidated the lease and granted plaintiff's request for declaratory relief "through misconduct, bias, and exceeding her powers." Accordingly, defendant contends that the de novo review standard applies.

As a general matter, where the facts are undisputed, we review de novo a trial court's order denying a petition to vacate an arbitrator's award. (*Anaheim Union High School Dist. v. American Federation of State, County and Municipal Employees, Local 3112, AFL-CIO* (2013) 222 Cal.App.4th 887, 890; *SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1198.) More specifically, " '[t]he question whether the arbitrator exceeded [the arbitrator's] powers and thus whether the [appellate court] should vacate [the] award on that basis is generally reviewed on appeal de novo.' " (*Castelo v. Xceed Financial Credit Union* (2023) 91 Cal.App.5th 777, 787.)

As for the scope of review, "arbitration awards are subject to very limited trial court review[.] [Citations.] 'Courts may not review either the merits of the controversy or the sufficiency of the evidence supporting the award. [Citation.]' [Citation.] '[W]ith

9

limited exceptions, " . . . an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties." [Citation.]' [Citations.] Even an error of law causing substantial injustice is not a ground for vacation or correction of an award. [Citation.] This limited review of arbitration awards 'vindicates the intentions of the parties that the award be final.' " (*American Federation of State, County and Municipal Employees, Local 1902, AFL-CIO v. Metropolitan Water Dist. of Southern California* (2005) 126 Cal.App.4th 247, 259.)

"The exclusive grounds for vacating an arbitration award are provided in . . . section 1286.2." (*Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1085, fn. omitted.) We will discuss specific provisions of section 1286.2, *post*.

## II

### *Bias*

Defendant first argues the trial court erred in denying its petition to vacate the arbitration award because the arbitrator was "[b]latantly [b]iased." (Boldface omitted.) According to defendant, the arbitrator failed to maintain the appearance of impartiality during the hearing. We conclude defendant has not satisfied its burden of demonstrating reversible error.

One statutory ground that may warrant vacating an arbitrator's award is where the "rights of the party were substantially prejudiced by misconduct of a neutral arbitrator." (§ 1286.2, subd. (a)(3); see also *id*., subd. (a)(1), (2) & (6).) " 'Misconduct' in this context includes actions that create a reasonable impression of possible bias." (*FCM Investments, LLC v. Grove Pham, LLC* (2023) 96 Cal.App.5th 545, 553.) "While arbitration awards are 'nearly immune' from attack, 'one of the limited grounds for challenge is bias on the part of the arbitrator.' . . . Given inherent challenges of proving bias and the importance of maintaining public confidence in our justice system, a showing of actual bias is not required. [Citations.] Instead, the test is whether a

10

hypothetical reasonable person . . . would form *an impression of possible bias* on the part of the arbitrator." (*Id*. at p. 555.) As the party seeking to vacate the arbitration award, defendant bears the burden of establishing a reasonable impression of possible bias. (*Ibid*.)

Over three pages of its opening brief, defendant identifies instances in which the arbitrator purportedly made remarks revealing or suggesting her bias. Defendant quotes a number of these alleged remarks. Defendant argues that certain remarks demonstrated preconceived judgment. It claims the arbitrator improperly subjected its attorney to a subpoena duces tecum compelling him to appear as a witness, which would cause him to violate rule 3.7(a) of the Rules of Professional Conduct. Defendant further claims that the arbitrator subjected defendant's counsel to improper questioning and assumed an inquisitorial role, but does not elaborate. Defendant also refers to "off-the-record comments," "rude behavior," and suggests the arbitrator was improperly influenced by her participation in the prior arbitration between plaintiff and the Reedys. Defendant concludes: "These actions and statements collectively illustrate a significant deviation from the standard of impartiality required of arbitrators. The Arbitrator's bias was evident, compromising the fairness of the arbitration process and undermining the integrity of the decision rendered. Such conduct is impermissible and warrants the vacating of the arbitration award . . . ."

Defendant, however, fails to cite to the record to support any of its contentions or factual representations. In fact, the entire section of its opening brief in which defendant argues bias does not contain a single record citation.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate

11

the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) Appellate briefs must "provide a citation to the record for a factual assertion." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861; Cal. Rules of Court, rule 8.204(a)(1)(C).) " '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record.' " (*County of Sacramento,* at p. 861.)

Defendant has failed to satisfy its obligation to cite to the record to support its factual representations. (See *County of Sacramento v. Singh, supra*, 65 Cal.App.5th at p. 861; Cal. Rules of Court, rule 8.204(a)(1)(C).) "We are not required to scour the record in search of support for a party's factual statements and may disregard such unsupported statements." (*Harshad & Nasir Corp. v. Global Sign Systems, Inc.* (2017) 14 Cal.App.5th 523, 527, fn. 3.) Because defendant does not support any of its claims with record citations, and relies on matter outside of the record, we disregard these unsupported contentions. Defendant has not satisfied its burden of demonstrating reversible error based on arbitrator bias.

## III

### *Arbitrators Exceeding Their Powers*

Another statutory ground for vacating an arbitrator's award is where the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) Defendant argues the arbitrator exceeded her powers in two ways.

A.     *Plaintiff Was Not a Party to the Lease*

Defendant first argues the arbitrator erroneously declared the lease invalid despite the fact that plaintiff was not a party. Because plaintiff was not a party to the lease, defendant argues he lacked standing and, as such, was precluded from seeking declaratory relief concerning the validity of the lease. We disagree.

12

Plaintiff was not a party to the purported lease. The commercial lease agreement listed the Reedys as landlords and defendant as the tenant. Contrary to defendant's contention, however, plaintiff is not a stranger to the lease and is, in fact, an "interested" person as to the lease agreement involved in an actual controversy centered on that lease.

"Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract." (§ 1060.) "The language of . . . section 1060 appears to allow for an extremely broad scope of an action for declaratory relief . . . ." (*Otay Land Co. v. Royal Indemnity Co.* (2008) 169 Cal.App.4th 556, 562.)

" 'The fundamental basis of declaratory relief is the existence of an *actual*, *present controversy* over a proper subject.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.) Additionally, the " 'actual controversy' language in . . . section 1060 encompasses a probable future controversy relating to the legal rights and duties of the parties. [Citation.] For a probable future controversy to constitute an 'actual controversy,' however, the probable future controversy must be ripe. [Citations.] A 'controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 885.)

Plaintiff agreed to purchase, and the Reedys agreed to sell, the subject property. However, the Reedys refused to consummate the sale and close escrow. Plaintiff then sought and was granted specific performance of the purchase agreement. Yet the Reedys continued to impede plaintiff in his efforts to close on the property, maintaining that the 2015 commercial lease was valid and ran with the land. Plaintiff moved for, and was

13

granted, the appointment of an elisor to sign the necessary documentation in the Reedys' place. Plaintiff, who believed the lease to be a sham, then commenced this separate action for a judgment declaring the validity or invalidity of the lease.

Plainly, there is an *actual*, *present controversy* concerning the validity of the lease. (*City of Cotati v. Cashman, supra*, 29 Cal.4th at p. 79.) As plaintiff argues, as a party alleged to be subject to the lease based on his purchase of the property, which has yet to be consummated, plaintiff is a "person interested under a written instrument . . . or under a contract . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property," and this is a "case[] of actual controversy relating to the legal rights and duties of the respective parties . . . ." (§ 1060.)

Plaintiff also has standing to sue. "A party lacks standing if it does not have an actual and substantial interest in, or would not be benefited or harmed by, the ultimate outcome of an action." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) " 'Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute.' [Citation.] The real party in interest has ' "an actual and substantial interest in the subject matter of the action," and stands to be "benefited or injured" by a judgment in the action.' [Citation.] 'Plaintiffs have standing to sue if they or someone they represent have either suffered or are threatened with an injury of sufficient magnitude to reasonably assure the relevant facts and issues will be adequately presented.' " (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 54-55.)

It is clear that plaintiff is a real party in interest with an actual and substantial stake in the validity of what the arbitrator agreed was a previously undisclosed 2015 commercial lease that purportedly ran with the real property plaintiff is purchasing, and plaintiff will be benefitted or injured by a judgment in the action. (*Fladeboe v. American Isuzu Motors Inc., supra*, 150 Cal.App.4th at p. 55.) He is " 'threatened with an injury of

sufficient magnitude to reasonably assure the relevant facts and issues will be adequately presented.' " (*Ibid*.)

Plaintiff does not lack standing to bring this action merely because he is not a party to the alleged 2015 commercial lease.

B.    *The Reedys as Indispensable Parties*

Defendant next argues that the arbitrator exceeded her powers by declaring the lease void because the Reedys were indispensable parties but were not joined in this action.  Defendant argues the lease was executed between it and the Reedys, and excluding them from a challenge to the lease's validity was a fundamental procedural oversight.  We conclude the arbitrator did not act in excess of her powers, whether or not the Reedys were indispensable parties.

"[S]ection 389 governs the joinder of necessary and indispensable parties." (*Verizon California Inc. v. Board of Equalization et al*. (2014) 230 Cal.App.4th 666, 679.) Subdivision (a) of section 389 describes necessary parties, and subdivision (b) describes indispensable parties.  However, we need not determine whether the Reedys were necessary or indispensable parties.

The " 'failure to join "indispensable" parties does not deprive a court of the power to make a legally binding adjudication between the parties properly before it.' [Citation.] To be sure, ' "[a]n indispensable party is not bound by a judgment in an action in which he was not joined." ' [Citation.]  But failing to join an indispensable party ' " 'is not "a jurisdictional defect" in the fundamental sense.' " ' " (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 305.)  Therefore, the failure to join the Reedys did not deprive the arbitrator or the trial court of jurisdiction, and it is not a basis to vacate the arbitrator's award as exceeding her powers.  (See § 1286.2, subd. (a)(4).)

IV

*Whether the Dispute Was Properly Before the Arbitrator*

Finally, defendant argues there was no agreement to arbitrate this action, and it did not voluntarily submit to arbitration. Therefore, the arbitration proceedings and the resulting award are invalid and nonbinding. Defendant has not established reversible error.

A "court must dismiss the proceeding as to [a person] if the court determines the person 'was not bound by the arbitration award and was not a party to the arbitration.' " (*Soni v. SimpleLayers, Inc., supra*, 42 Cal.App.5th at p. 1086, citing § 1287.2; see also § 1286.2, subd. (a)(4) [vacating arbitration award required where arbitrators exceeded their powers].) "Arbitration 'is . . . a matter of contract between the parties' [citation], and, as such, whether particular disputes are subject to arbitration ' "is strictly 'a matter of [the parties'] consent.' " ' " (*Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 386.) Parties may expressly agree to arbitrate in an arbitration provision in a written contract or in a binding stipulation. (*Id*. at p. 387.) Here, the purchase and sale agreement containing the arbitration provision was between plaintiff and the Reedys. Defendant was not a party to that agreement.

However, as an alternative to expressly contracting to arbitrate, a party may be bound by an arbitrator's award by operation of a form of equitable estoppel. (See, e.g., *Douglass v. Serenivision, Inc., supra*, 20 Cal.App.5th at p. 387 ["parties may enter into an implied in fact agreement to arbitrate through their conduct (which may additionally be deemed to estop them from denying such an agreement)"]; *id*. at p. 388 ["consent to arbitration . . . will be inferred from a party's conduct of litigating an issue up to the point of submitting it for decision in the arbitral forum, at least if the party does so without objection"]; *Cabrera v. Plager* (1987) 195 Cal.App.3d 606, 613, fn. 8 [a party's "appearance at the arbitration hearing and participation therein without raising any

16

objection to the jurisdiction of the arbitrator estops [that party] from challenging it afterwards"].)

The trial court here did not rely on the premise that defendant was a signatory to the purchase agreement containing the arbitration provision. Rather, in concluding that defendant could be compelled to arbitrate and could be bound by the arbitration award, the trial court relied on a variety of equitable estoppel. Relatedly, plaintiff argues in his respondent's brief that defendant's objection to the arbitrator's jurisdiction to hear the matter was waived by its participation in the process.

Defendant in its opening brief argues only that it "did not voluntarily submit to arbitration, . . . there was no valid arbitration agreement," and the "absence of a binding arbitration agreement invalidates the arbitration proceedings, and the resulting award is non-binding on" defendant. Again, however, defendant does not cite to any portion of the record in support of its arguments. (See *County of Sacramento v. Singh, supra*, 65 Cal.App.5th at p. 861 [" '[w]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record' "].)

Defendant also does not analyze equitable estoppel or waiver, let alone with an argument supported by citation to authority. In fact, defendant in its opening brief does not mention equitable estoppel and declined to file a reply brief, thus failing to respond to plaintiff's waiver argument.

As stated, a " 'judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court*, *supra,* 2 Cal.3d at p. 564.) Defendant does not support its arguments with citations to the record, and has failed to address the trial court's rationale for determining that it was bound by the arbitration award. Defendant therefore, has not satisfied its burden of

17

showing reversible error.  (See *Del Real v. City of Riverside, supra*, 95 Cal.App.4th at p. 766.)

DISPOSITION

The judgment is affirmed.  Plaintiff shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).

                      \s\

                      Krause, J.

We concur:

\s\

Robie, Acting P. J.

\s\

Mauro, J.